1 | DANIEL G. BOGDEN
United States Attorney
2 | Nevada Bar No. 2137
Daniel D. Hollingsworth
3 | Assistant United States Attorney
Nevada Bar No. 1925
4 | Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
5 | Las Vegas, Nevada 89101
Telephone: (702) 388-6336
6 | Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
7 | Counsel for the United States of America

8

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

UNITED STATES OF AMERICA,                    )
12 |                                          )
                    Plaintiff,               )
13 |                                          )
          v.                                 )        2:09-CV-573-RLH (GWF)
14 |                                          )
$2,252,000.00 IN UNITED STATES               )
15 | CURRENCY,                                )
                                             )
16 |                    Defendant.            )

17 | <u>DEFAULT JUDGMENT OF FORFEITURE</u>

18 |       The United States filed a verified Complaint for Forfeiture in Rem on March 26, 2009.

19 | Complaint, ECF No. 1.  The Complaint (ECF, No. 1) alleges the defendant property:

20 |            a.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. §

21 |                  1028, or a conspiracy to commit such offense, and is subject to forfeiture

22 |                  pursuant to 18 U.S.C. § 981(a)(1)(C);

23 |            b.    constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. §

24 |                  1028, a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A)

25 |                  and 1961(1)(B), or a conspiracy to commit such offense, and is subject to

26 |                  forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

c.     constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1084, a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

d.     constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1341, a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

e.     constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1343, a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

f.     constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(1), a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

g.     constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1952(a)(3), a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

h.     constitutes, or is derived from, proceeds traceable to violations of Nevada Revised Statutes 463.160, 463.430, 464.010, 464.025, 464.075, 465.092, 465.093, and 474.070 and 18 U.S.C. § 1955, a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

2

i. used in violation of Nevada Revised Statutes 463.160, 463.430, 464.010, 464.025, 464.075, 465.092, 465.093, and 474.070 and 18 U.S.C. § 1955 and is subject to forfeiture pursuant to 18 U.S.C. § 1955(d);

j. involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(1), or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

k. involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956(a)(2), or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

l. involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or is property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

m. constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(1), a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

n. constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1956(a)(2), a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

o. constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1957, a "specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offense, and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

. . .

. . .

3

p.   involved in violations of 31 U.S.C. § 5313, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2); and

q.   involved in violations of 31 U.S.C. § 5324, or a conspiracy to commit such violations, or is traceable to any such violations or conspiracy, and is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

On September 8, 2009, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant of Arrest in Rem for the Property and Notice, ECF No. 6; Summons and Warrant Issued by the Clerk, ECF No. 7.

Pursuant to the Order (ECF No. 6), the Complaint (ECF No. 1), the Order (ECF No. 6), the Summons and Warrant (ECF No. 7), and the Notice of Complaint for Forfeiture (ECF No. 14, p. 8-9) were served on the defendant property and all persons claiming an interest in the defendant property. All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 35 days after the notice of this action was sent by mail, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. Complaint, ECF No. 1;  Order for Summons and Warrant of Arrest in Rem for the Property and Notice, ECF No. 6; Summons and Warrant Issued by the Clerk, ECF No. 7; Notice of Filing Immigration Custom Enforcement Return on Service of Process, ECF No. 14.

On August 23, 2012, the Immigration Custom Enforcement served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Immigration Custom Enforcement Return on Service of Process, ECF No. 14.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from June 9, 2012, through July 8, 2012. Amended Notice of Filing Proof of Publication, ECF No. 11.

4

On August 8, 2012, the United States Filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC., and Order. ECF No. 12.

On August 9, 2012, the Court entered the Order granting the Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Richard Tavano, James Scott, Louis Tavano, and Jacktrade, LLC. ECF No. 13.

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On August 27, 2012, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. ECF No. 15.

On August 28, 2012, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. ECF No. 16.

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action.

. . .

. . .

. . .

. . .

. . .

. . .

5

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED:_____August 28, 2012_____

6